# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 18, 2012

## STATE OF TENNESSEE v. DEVARICK D. NICKS

**Direct Appeal from the Circuit Court for Montgomery County**
**Nos. 41001108, 41100112     John H. Gasaway, Judge**

---

**No. M2011-02395-CCA-R3-CD - Filed September 28, 2012**

---

The appellant, Devarick D. Nicks, pled guilty in the Montgomery County Circuit Court to two counts of possession of .5 grams or more of cocaine with intent to sell or deliver. Pursuant to the plea agreement, the trial court was to determine the length and manner of service of the sentences. After a sentencing hearing, the appellant received an effective eight-year sentence to be served in the Tennessee Department of Correction (TDOC). The appellant contends on appeal that the trial court erred by ordering him to serve his sentences in confinement. Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., J., joined. JOSEPH M. TIPTON, P.J., concurring in results only.

B. Nathan Hunt, Clarksville, Tennessee, for the appellant, Devarick D. Nicks.

Robert E. Cooper, Jr., Attorney General and Reporter, Meredith DeVault, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and John Finklea, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

In October 2010, the appellant was charged in case number 41001108 with two counts of possession of .5 grams or more of cocaine with intent to sell or deliver, a Class B felony. In January 2011, he was charged in case number 41100112 with the same offense. On

August 11, 2011, he pled guilty to one count in case number 41001108 and the single count in case number 41100112. The remaining count in case number 41001108 was dismissed. Pursuant to the plea agreement, the trial court was to determine the length and manner of service of the sentences.

At the appellant's sentencing hearing, Sergeant Joel Gibbons of the Clarksville Police Department testified that after the appellant pled guilty to the offenses in this case, he arrested the appellant for possession of cocaine, possession of marijuana, and possession of a firearm. Sergeant Gibbons found the cocaine, weighing sixteen grams, in the appellant's left pants pocket. He found the gun in the waistband of the appellant's pants. On cross-examination, Sergeant Gibbons testified that he did not test the gun for fingerprints and that he did not know the disposition of the appellant's charges.

The appellant testified that he lived with his mother and grandmother. He said that he was not employed but that he had tried to obtain employment at carwashes. He said that he also had turned in an employment application at Select Staffing but that the company had not contacted him. He said that he could comply with the conditions of probation, that he had a GED, and that he would be willing to go to "[t]rade school." He acknowledged that he was requesting alternative sentencing. On cross-examination, the appellant acknowledged that Sergeant Gibbons arrested him after he pled guilty to the offenses in this case.

The appellant's presentence report was introduced into evidence. In the report, the then twenty-four-year-old appellant stated that he was asked to leave high school in the ninth grade due to fighting but that he obtained his GED. He described his physical and mental health as "good" but said he was blind in one eye. He also stated in the report that his only employment was as a janitor/store worker for Nex in Charleston, South Carolina from 2009 to 2011. According to the report, the appellant moved from South Carolina to Tennessee to help his family. The report shows that he has a prior conviction for driving under the influence and a prior conviction for misdemeanor possession of marijuana.

The trial court stated that it had considered the presentence report, the evidence presented at the sentencing hearing, and the principles of sentencing. The court noted that the appellant was a Range I, standard offender and that the range of punishment for the offenses was eight to twelve years. See Tenn. Code Ann. § 40-35-112(a)(2). The trial court applied enhancement factor (1), that the "defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range." Tenn. Code Ann. § 40-35-114(1). In mitigation, the trial court considered that the appellant's criminal conduct did not cause or threaten serious bodily injury. See Tenn. Code Ann. § 40-35-113(1). However, the trial court stated that both of the factors deserved "slight" weight. The court sentenced the appellant to eight years for each conviction to be

served concurrently.

Regarding the manner of service of the sentences, the trial court noted that the substances Sergeant Gibbons found on the appellant's person had not been tested forensically. However, the court concluded that the officer's finding a gun on the appellant's person after his guilty pleas in this case was "compelling evidence that he's not likely to be rehabilitated." The trial court explained as follows:

> Even if the Court discounts the testimony about the cocaine and the marijuana, the Court cannot discount the fact that he is armed with a firearm and as I say, you don't have to be an expert to know a gun when you see one, and of course, Sgt. Gibbons, a trained law enforcement officer, and the Court has no doubt that Mr. Nicks had a gun tucked in his waistband.
>
> Well, what is the significance of that? Well, to this Court the significance of that is that he did not leave this courtroom in August of 2011 intent on traveling the straight and narrow. . . . For somebody to get up in the morning and to put on their clothes and tuck a gun in their waistband, it is not the type of conduct that one would expect from someone who knows that they were about to be sentenced for two felonies . . . . [T]his goes to the heart of whether a person can be rehabilitated.

The trial court ordered that the appellant serve his effective eight-year-sentence in confinement.

## II. Analysis

The appellant asserts that the trial court erred by denying his request for alternative sentencing based upon his lack of potential for rehabilitation. Specifically, he argues that the trial court "merely relied on the testimony of Sergeant Gibbons that the Defendant possessed a firearm without any additional proof and absent any disposition or resolution regarding these charges." The State argues that the trial court properly sentenced the appellant. We agree with the State.

Appellate review of the length, range or manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to

sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169.

In determining a specific sentence within a range of punishment, the trial court should consider, but is not bound by, the following advisory guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c).

Although the trial court should also consider enhancement and mitigating factors, the statutory enhancement factors are advisory only. See Tenn. Code Ann. § 40-35-114; State v. Carter, 254 S.W.3d 335, 343-44 (Tenn. 2008). We note that "a trial court's weighing of various mitigating and enhancement factors [is] left to the trial court's sound discretion." Carter, 254 S.W.3d at 345. In other words, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" Id. at 343. "The appellate courts are therefore left with a narrower set of circumstances in which they might find that a trial court has abused its discretion in setting the length of a defendant's sentence." Id. at 345-46. Moreover, they are "bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." Id. at 346.

An appellant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. See Tenn. Code Ann. § 40-35-303(a). The appellant's sentences meet this requirement. Additionally, an appellant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered a favorable candidate for alternative sentencing absent evidence to the contrary. See Tenn. Code Ann. § 40-35-102(6). The appellant, convicted of Class B felonies, is not considered to be a favorable candidate for alternative sentencing. Moreover, as set forth in Tennessee Code Annotated section 40-35-103(1), sentences involving confinement should be based on the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

See also State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). Furthermore, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. See Tenn. Code Ann. § 40-35-103(5).

Initially, we note that the appellant has failed to include the guilty plea hearing transcript in the appellate record. It is the appellant's duty to prepare a record that conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). Nevertheless, based upon the specific facts of this case, we conclude that the record is sufficient for our review. See State v. Anna M. Steward, No. E2010-01918-CCA-R3-CD, 2011 Tenn. Crim. App. LEXIS 719, at *13 (Knoxville, Sept. 19, 2011); but see State v. Christine Caudle, No. M2010-01172-CCA-R3-CD, 2011 Tenn. Crim. App. LEXIS 902, at *12 (Nashville, Dec. 8, 2011), perm. to appeal granted, (Tenn. 2012).

The appellant has not cited to any authority that would have prohibited the trial court from considering his subsequent arrest for possession of a firearm as it relates to his potential

-5-

for rehabilitation. The trial court obviously accredited Sergeant Gibbons's testimony regarding the weapon and concluded that the appellant's being found with a gun in his waistband after he pled guilty in this case showed that his potential for rehabilitation was extremely poor. We do not disagree with the trial court's conclusion. Therefore, the trial court properly ordered the appellant to serve his sentences in confinement.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the post-conviction court's denial of the petition for post-conviction relief.

_____
NORMA McGEE OGLE, JUDGE